UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------x
YOLANDA D. TYSON                                    Amended Complaint

                                                    Jury Trial Demand
                        Plaintiff,
        -against-                                   17 cv 4990 (KMK)


THE TOWN OF RAMAPO; CHRISTOPHER P. ST. LAWRENCE,
as Town Supervisor; YITZCHOK ULLMAN, as Councilman;
SAMUEL TRESS, as Councilman; BRENDEL CHARLES aka
BRENDEL LOGAN, as Councilwoman; PATRICK J. WITHERS; as
Councilman; BRAD R. WEIDEL, as Chief of Police, Police Department
Town of Ramapo; PETER F. BROWER, as Former Chief of Police, Police
Department Town of Ramapo and THOMAS COKELEY, as Captain,
Police Department Town of Ramapo, each sued individually and in their
official capacities as employees of THE TOWN OF RAMAPO

                        Defendants'
-----------------------------------------------------------------------x

        The plaintiff, YOLANDA D. TYSON by her attorney THE SANDERS FIRM, P.C., for

her amended complaint against defendants' THE TOWN OF RAMAPO; CHRISTOPHER P. ST.

LAWRENCE; YITZCHOK ULLMAN; SAMUEL TRESS; BRENDEL CHARLES aka

BRENDEL LOGAN; PATRICK J. WITHERS; BRAD R. WEIDEL; PETER F. BROWER and

THOMAS COKELEY respectfully set forth and allege that:

### INTRODUCTION

        This is an action filed on behalf of former employee plaintiff YOLANDA D. TYSON seeking

relief from defendants' THE TOWN OF RAMAPO; CHRISTOPHER P. ST. LAWRENCE;

YITZCHOK ULLMAN; SAMUEL TRESS; BRENDEL CHARLES aka BRENDEL LOGAN;

PATRICK J. WITHERS; BRAD R. WEIDEL; PETER F. BROWER and THOMAS COKELEY

alleging violations of her civil rights due to race and gender discrimination.

### JURISDICTION AND VENUE

1. The jurisdiction of this Court is invoked pursuant to 18 U.S.C. § 1965, 28 U.S.C. §§ 1331, 1343 and 2202 to secure protection of and to redress deprivation of rights secured by:

    a. the Civil Rights Act of 1871, 42 U.S.C. § 1983, providing for the protection of all persons in her civil rights and the redress of deprivation of rights under color of law.

2. The unlawful employment practices, violations of plaintiff's civil rights complained of herein were committed within the Southern District of New York.

3. The pendent jurisdiction of the federal district court is invoked with respect to the plaintiff's claims under New York State Executive Law § 296 because the entire action before the court comprises one constitutional and civil rights case.

## PROCEDURAL REQUIREMENTS

4. Plaintiff has filed suit with this Court within applicable statute of limitations.

5. Plaintiff is not required to exhaust any administrative procedures prior to suit under the Civil Rights Act of 1871.

## PLAINTIFF

6. Plaintiff YOLANDA D. TYSON is a female citizen over twenty-one (21) years of age and a resident of Rockland County.

## DEFENDANTS'

7. Defendant THE TOWN OF RAMAPO is a municipal corporation operating under state law and is plaintiff's former employer.

8. Defendant CHRISTOPHER P. ST. LAWRENCE, as Former Town Supervisor, Town of Ramapo.

9. Defendant YITZCHOK ULLMAN, as Councilman, Town of Ramapo.

10. Defendant SAMUEL TRESS, as Councilman, as Town of Ramapo.

11. Defendant BRENDEL CHARLES aka BRENDEL LOGAN, as Councilwoman, as Town of Ramapo.

12. Defendant PATRICK J. WITHERS, as Councilman, as Town of Ramapo.

13. Defendant BRAD R. WEIDEL, as Chief of Police, Police Department Town of Ramapo.

14. Defendant PETER F. BROWER, as Former Chief of Police, Police Department Town of Ramapo.

15. Defendant THOMAS COKELEY, as Captain of Police, Police Department Town of Ramapo.

## BACKGROUND

16. Plaintiff YOLANDA D. TYSON self identifies as an African-American Female, and formerly employed as a police officer with defendant THE TOWN OF RAMAPO.

17. Plaintiff alleges prior to being appointed to the position of Police Officer, Town of Ramapo, she was employed with the Police Department City of New York (NYPD).

18. Plaintiff alleges in or around January 2005, she was appointed to the position of Police Officer, Police Department City of New York and assigned to the Recruit Training School aka the Police Academy.

19. Plaintiff alleges after graduating from the Recruit Training School and working several patrol assignments in the Bronx, she applied to work with defendant THE TOWN OF RAMAPO for the enhanced salary and benefits.

20. Plaintiff alleges in or around February 2006, she was appointed to the position of Police Officer, Police Department Town of Ramapo.

21.     Plaintiff alleges since 2006, defendants' THE TOWN OF RAMAPO; CHRISTOPHER P. ST. LAWRENCE; YITZCHOK ULLMAN; SAMUEL TRESS; BRENDEL CHARLES aka BRENDEL LOGAN; PATRICK J. WITHERS; BRAD R. WEIDEL; PETER F. BROWER and THOMAS COKELEY received actual or constructive notice the following Caucasian officers particularly males received GML 207-c benefits without legal challenge: Neil Sweeney (Male); Denise Dougherty (Female); Robert Chapman (Male); Mark Armstrong (Male); Modestino Giusto (Male); Baile Glauber (Female); John Youngman (Male); James Curley (Male); Danny Jacaruso (Male); Patrick Reynar (Male) and John Paolucci (Male).

22.     Plaintiff alleges since February 2006, defendants' THE TOWN OF RAMAPO; CHRISTOPHER P. ST. LAWRENCE; YITZCHOK ULLMAN; SAMUEL TRESS; BRENDEL CHARLES aka BRENDEL LOGAN; PATRICK J. WITHERS; BRAD R. WEIDEL; PETER F. BROWER and THOMAS COKELEY received actual or constructive notice the following Caucasian officers particularly males were never carried as 'Regular Sick': Neil Sweeney (Male); Denise Dougherty (Female); Robert Chapman (Male); Mark Armstrong (Male); Modestino Giusto (Male); Baile Glauber (Female); John Youngman (Male); James Curley (Male); Danny Jacaruso (Male); Patrick Reynar (Male) and John Paolucci (Male).

23.     Plaintiff alleges since February 2006, defendants' THE TOWN OF RAMAPO; CHRISTOPHER P. ST. LAWRENCE; YITZCHOK ULLMAN; SAMUEL TRESS; BRENDEL CHARLES aka BRENDEL LOGAN; PATRICK J. WITHERS; BRAD R. WEIDEL; PETER F. BROWER and THOMAS COKELEY received actual or constructive notice the following Caucasian officers particularly males were afforded the opportunity to stay at home, some for periods of more than ten (10) years without legal challenge: Neil Sweeney (Male); Denise Dougherty (Female); Robert Chapman (Male); Mark Armstrong (Male); Modestino Giusto (Male);

Baile Glauber (Female); John Youngman (Male); James Curley (Male); Danny Jacaruso (Male); Patrick Reynar (Male) and John Paolucci (Male).

24.  Plaintiff alleges since February 2006, defendants' THE TOWN OF RAMAPO; CHRISTOPHER P. ST. LAWRENCE; YITZCHOK ULLMAN; SAMUEL TRESS; BRENDEL CHARLES aka BRENDEL LOGAN; PATRICK J. WITHERS; BRAD R. WEIDEL; PETER F. BROWER and THOMAS COKELEY received actual or constructive notice the following Caucasian officers particularly males received 'light duty assignments or reasonably accommodated,' some for periods of more than ten (10) years without legal challenge: Neil Sweeney (Male); Denise Dougherty (Female); Robert Chapman (Male); Mark Armstrong (Male); Modestino Giusto (Male); Baile Glauber (Female); John Youngman (Male); James Curley (Male); Danny Jacaruso (Male); Patrick Reynar (Male) and John Paolucci (Male).

25.  Plaintiff alleges since February 2006, defendants' THE TOWN OF RAMAPO; CHRISTOPHER P. ST. LAWRENCE; YITZCHOK ULLMAN; SAMUEL TRESS; BRENDEL CHARLES aka BRENDEL LOGAN; PATRICK J. WITHERS; BRAD R. WEIDEL; PETER F. BROWER and THOMAS COKELEY received actual or constructive notice the aforementioned Caucasian officers in Paragraph Nos.: 21 through 24, particularly males weren't threatened with termination or terminated under Civil Service Law Section 71.

26.  Plaintiff alleges since February 2006, defendants' THE TOWN OF RAMAPO; CHRISTOPHER P. ST. LAWRENCE; YITZCHOK ULLMAN; SAMUEL TRESS; BRENDEL CHARLES aka BRENDEL LOGAN; PATRICK J. WITHERS; BRAD R. WEIDEL; PETER F. BROWER and THOMAS COKELEY have never threatened with termination or terminated a Caucasian officer particularly males under Civil Service Law Section 71.

27.  Plaintiff alleges on or about January 31, 2012, she was involved in an on-duty

accident with her department vehicle.

28. Plaintiff alleges on or about February 29, 2012, defendants' THE TOWN OF RAMAPO and PETER F. BROWER approved her application to receive benefits under GML 207-c (r/arm, l/shoulder, r/hip, neck and back) for the January 31, 2012 on-duty accident with her department vehicle.

29. Plaintiff alleges on or about March 16, 2012, she returned to work 'Full Duty' without restrictions although she DID NOT fully recover.

30. Plaintiff alleges on or about March 17, 2012, she left work due to neck pains and Dr. Kraushaar recommended that she recover at home for approximately four (4) weeks.

31. Plaintiff alleges on or about April 4, 2012, defendants' THE TOWN OF RAMAPO and PETER F. BROWER 'reluctantly' accommodated her with a light duty administrative assignment.

32. Plaintiff alleges on or about October 2012, defendants' THE TOWN OF RAMAPO; PETER F. BROWER and BRAD R. WEIDEL 'ordered' her to work and perform an administrative assignment despite still receiving pains related to the January 31, 2012, on-duty accident with her department vehicle.

33. Plaintiff alleges on or about January 29, 2013, she received an Interoffice Memorandum from defendants' THE TOWN OF RAMAPO; PETER F. BROWER and BRAD R. WEIDEL through Administrative Lieutenant William Gravina outlining the conditions she would need to fulfill to consolidate and re-acquire GML 207-c benefits.

34. Plaintiff alleges in or around February 2013, defendants' THE TOWN OF RAMAPO; PETER F. BROWER and THOMAS COKELEY through Squad Lieutenant Daniel Hyman 'ordered' her to report home, placed her on 'Regular Sick' and removed her firearm for

6

safekeeping.

35. Plaintiff alleges during the aforementioned time period, defendants' THE TOWN OF RAMAPO; PETER F. BROWER and THOMAS COKELEY accommodated Police Officer Danny Jacarusco (Caucasian Male) with an administrative job and DID NOT remove his firearm although he failed to qualify in accordance with department guidelines.

36. Plaintiff alleges on or about April 24, 2013, she returns to 'Full Duty' status although she DID NOT fully recover from the January 31, 2012, on-duty accident with her department vehicle.

37. Plaintiff alleges defendants' THE TOWN OF RAMAPO and PETER F. BROWER told her Dr. Gottlieb MUST write on her medical notes 'no medical restrictions or limitations.'

38. Plaintiff alleges defendant THE TOWN OF RAMAPO never imposed such requirements upon Caucasian officers particularly males.

39. Plaintiff alleges shortly thereafter, she reported sick again.

40. Plaintiff alleges on or about April 26, 2013, defendants' THE TOWN OF RAMAPO and PETER F. BROWER through Administrative Lieutenant William Gravina advised her to 'report sick for duty each scheduled work day until further notice from the department and to follow the restrictions in the duties of members on sick leave as specified in General Order 705.3 (C).'

41. Plaintiff alleges defendant THE TOWN OF RAMAPO selectively enforced the aforementioned sick reporting requirements against her but DID NOT impose such requirements upon Caucasian officers particularly males.

42. Plaintiff alleges on or about April 29, 2013, defendants' THE TOWN OF RAMAPO and PETER F. BROWER through former Ramapo Patrolman's Benevolent

Association (PBA) President Dennis Procter, notified her that the department will be scheduling her for an Independent Medical Examination (IME) to determine her duty status and ability to return to work.

43. Plaintiff alleges in or around May 2013, she was subjected to an IME by defendants' THE TOWN OF RAMAPO and PETER F. BROWER and a determination was made to return her to 'Full Duty' status although she DID NOT fully recover from the January 31, 2012, on-duty accident with her department vehicle.

44. Plaintiff alleges since February 2006, defendant THE TOWN OF RAMAPO DID NOT 'order' similarly situated Caucasian officers particularly males to return to 'Full Duty' status if not fully recovered from their injuries.

45. Plaintiff alleges on or about June 16, 2013, defendants' THE TOWN OF RAMAPO and PETER F. BROWER 'ordered' her to return to work 'Full Duty' although she DID NOT fully recover from the January 31, 2012, on-duty accident with her department vehicle.

46. Plaintiff alleges since February 2006, defendant THE TOWN OF RAMAPO DID NOT 'order' similarly situated Caucasian officers particularly males to return to 'Full Duty' status if not fully recovered from their injuries.

47. Plaintiff alleges on or about June 17, 2013, she returned to work 'Full Duty' although she DID NOT fully recover from the January 31, 2012, on-duty accident with her department vehicle.

48. Plaintiff alleges on or June 18, 2013, she re-qualified with her department issued service weapon and shotgun although she DID NOT fully recover from the January 31, 2012, on-duty accident with her department vehicle.

49. Plaintiff alleges since February 2006, defendant THE TOWN OF RAMAPO DID

NOT 'order' similarly situated Caucasian officers particularly males to qualify with department issued service weapons or shotguns if not fully recovered from their injuries.

50. Plaintiff alleges from June 2013 through October 2013 she called out sick numerous times related to the January 31, 2012, on-duty accident with her department vehicle but, never granted GML 207-c benefits as similarly situated Caucasian officers particularly males.

51. Plaintiff alleges on or about September 2013, she was injured taking an Emotionally Disturbed Person (EDP) into police custody. She wanted the injuries to be treated as an aggravation of the January 31, 2012, on-duty accident with her department vehicle.

52. Plaintiff alleges on or about October 29, 2013, she re-aggravated the neck and back injuries she sustained in the January 31, 2012, on-duty department vehicle accident while getting dressed in the locker room for her police duties.

53. Plaintiff alleges on or about November 5, 2013, defendants' THE TOWN OF RAMAPO and PETER F. BROWER 'DENIED' her request for the October 29, 2013, injuries to be treated as a re-aggravation related to the January 31, 2012, on-duty department vehicle accident for approval of GML 207-c benefits.

54. Plaintiff alleges since February 2006, defendant THE TOWN OF RAMAPO have never 'DENIED' Caucasian officers' requests for GML-207 c benefits under similar circumstances.

55. Plaintiff alleges on or about September 22, 2014, she received surgery to her lower back.

56. Plaintiff alleges on or about October 2, 2014, defendants' THE TOWN OF RAMAPO; PETER F. BROWER and THOMAS COKELEY through Sergeant Blaine Howell 'ordered' her to report to work within a few weeks after her lower back surgery although she DID NOT fully recover from the January 31, 2012, on-duty accident with her department vehicle.

9

57.     Plaintiff alleges defendants' THE TOWN OF RAMAPO and THOMAS COKELEY filled out the GML 207-c benefit forms related to the aforementioned surgery.

58.     Plaintiff alleges upon completion, defendants' THE TOWN OF RAMAPO and THOMAS COKELEY 'ordered' Sergeant Blaine Howell to escort "Ms. Tyson out of the building."

59.     Plaintiff alleges sometime between May 2015 and July 2015, she applied for a tax-free GML 207-c Disability Retirement Pension.

60.     Plaintiff alleges on or about December 16, 2015, the New York State Workers Compensation Board approved her application for benefits, finding seventy (70%) percent loss in wage earning capacity in the same employment.

61.     Plaintiff alleges on or about January 29, 2016, she received her first letter from defendants' THE TOWN OF RAMAPO; CHRISTOPHER P. ST. LAWRENCE; YITZCHOK ULLMAN; SAMUEL TRESS; BRENDEL CHARLES aka BRENDEL LOGAN and PATRICK J. WITHERS threatening to terminate her employment on February 29, 2016, under Civil Service Law Section 71.

62.     Plaintiff alleges since February 2006, defendants' THE TOWN OF RAMAPO; CHRISTOPHER P. ST. LAWRENCE; YITZCHOK ULLMAN; SAMUEL TRESS; BRENDEL CHARLES aka BRENDEL LOGAN and PATRICK J. WITHERS have never sent such a threatening letter to terminate a Caucasian officer particularly males' employment under Civil Service Law Section 71.

63.     Plaintiff alleges on or about May 18, 2016, she received her second letter from defendants' THE TOWN OF RAMAPO; CHRISTOPHER P. ST. LAWRENCE; YITZCHOK ULLMAN; SAMUEL TRESS; BRENDEL CHARLES aka BRENDEL LOGAN and PATRICK J. WITHERS threatening to terminate her employment on June 24, 2016, under Civil Service Law

Section 71.

64.     Plaintiff alleges since February 2006, defendants' THE TOWN OF RAMAPO; CHRISTOPHER P. ST. LAWRENCE; YITZCHOK ULLMAN; SAMUEL TRESS; BRENDEL CHARLES aka BRENDEL LOGAN and PATRICK J. WITHERS have never sent such a threatening letter to terminate a Caucasian officer particularly males' employment under Civil Service Law Section 71.

65.     Plaintiff alleges on or about June 20, 2016, defendants' THE TOWN OF RAMAPO and BRAD R. WEIDEL 'ordered' her to report to the stationhouse and turn over all department issued equipment.

66.     Plaintiff alleges on or about June 22, 2016, she turned over all department issued equipment to defendants' THE TOWN OF RAMAPO and BRAD R. WEIDEL through Lieutenant Michael Colbath and Sergeant Margaret Sammerone.

67.     Plaintiff alleges on or about June 24, 2016, defendants' THE TOWN OF RAMAPO; CHRISTOPHER P. ST. LAWRENCE; YITZCHOK ULLMAN; SAMUEL TRESS; BRENDEL CHARLES aka BRENDEL LOGAN and PATRICK J. WITHERS terminated her employment despite having actual and/or constructive notice she was treated differently doe to her race and gender.

68.     Plaintiff alleges defendants' THE TOWN OF RAMAPO; CHRISTOPHER P. ST. LAWRENCE; YITZCHOK ULLMAN; SAMUEL TRESS; BRENDEL CHARLES aka BRENDEL LOGAN; PATRICK J. WITHERS; BRAD R. WEIDEL; PETER F. BROWER and THOMAS COKELEY did nothing to protect her employment rights.

69.     Plaintiff alleges the conduct of defendants' THE TOWN OF RAMAPO; CHRISTOPHER P. ST. LAWRENCE; YITZCHOK ULLMAN; SAMUEL TRESS; BRENDEL

aka BRENDEL LOGAN; CHARLES; PATRICK J. WITHERS; BRAD R. WEIDEL; PETER F. BROWER and THOMAS COKELEY have interfered with her property rights as a civil servant and her individual civil rights causing her emotional distress and substantial economic losses due to, decreased take home pay, decreased pension valuation and inability to recover entitled tax free benefits.

## VIOLATIONS AND CLAIMS ALLEGED
### COUNT I
### RACE DISCRIMINATION
### IN VIOLATION OF
### THE CIVIL RIGHTS ACT OF 1871, 42 U.S.C. § 1983

70. Plaintiff re-alleges Paragraphs 1 through 69 and incorporates them by reference as Paragraphs 1 through 69 of Count I of this Amended Complaint.

71. Plaintiff alleges that defendants' CHRISTOPHER P. ST. LAWRENCE; YITZCHOK ULLMAN; SAMUEL TRESS; BRENDEL CHARLES aka BRENDEL LOGAN; PATRICK J. WITHERS; BRAD R. WEIDEL; PETER F. BROWER and THOMAS COKELEY acted in an outrageous and systematic pattern of discrimination, oppression, bad faith and cover-up, directed at her and continuing from in or around February 29, 2013, through her termination.

72. Plaintiff alleges defendants' CHRISTOPHER P. ST. LAWRENCE; YITZCHOK ULLMAN; SAMUEL TRESS; BRENDEL CHARLES aka BRENDEL LOGAN; PATRICK J. WITHERS; BRAD R. WEIDEL; PETER F. BROWER and THOMAS COKELEY caused her to incur significant legal costs, emotional distress, damage to her personal and professional reputation and loss of employment benefits.

### COUNT II
### GENDER DISCRIMINATION
### IN VIOLATION OF
### THE CIVIL RIGHTS ACT OF 1871, 42 U.S.C. § 1983

73. Plaintiff re-alleges Paragraphs 1 through 72 and incorporates them by reference as

Paragraphs 1 through 72 of Count II of this Amended Complaint.

74. Plaintiff alleges that defendants' CHRISTOPHER P. ST. LAWRENCE; YITZCHOK ULLMAN; SAMUEL TRESS; BRENDEL CHARLES aka BRENDEL LOGAN; PATRICK J. WITHERS; BRAD R. WEIDEL; PETER F. BROWER and THOMAS COKELEY acted in an outrageous and systematic pattern of discrimination, oppression, bad faith and cover-up, directed at her and continuing from in or around February 29, 2013 through her termination.

75. Plaintiff alleges defendants' CHRISTOPHER P. ST. LAWRENCE; YITZCHOK ULLMAN; SAMUEL TRESS; BRENDEL CHARLES aka BRENDEL LOGAN; PATRICK J. WITHERS; BRAD R. WEIDEL; PETER F. BROWER and THOMAS COKELEY caused her to incur significant legal costs, emotional distress, damage to her personal and professional reputation and loss of employment benefits.

## COUNT III
## RACE DISCRIMINATION
## IN VIOLATION OF
## NEW YORK STATE EXECUTIVE LAW § 296

76. Plaintiff re-alleges Paragraphs 1 through 75 and incorporates them by reference as Paragraphs 1 through 75 of Count III of this Amended Complaint.

77. Plaintiff alleges that New York State Executive Law § 296, makes it unlawful to discriminate against any individual in the terms, conditions, or privileges of employment because of their race.

78. Plaintiff alleges that defendants' THE TOWN OF RAMAPO; CHRISTOPHER P. ST. LAWRENCE; YITZCHOK ULLMAN; SAMUEL TRESS; BRENDEL CHARLES aka BRENDEL LOGAN; PATRICK J. WITHERS; BRAD R. WEIDEL; PETER F. BROWER and THOMAS COKELEY discriminated against her because of her race.

79. Plaintiff alleges that defendants' THE TOWN OF RAMAPO; CHRISTOPHER P.

ST. LAWRENCE; YITZCHOK ULLMAN; SAMUEL TRESS; BRENDEL CHARLES aka BRENDEL LOGAN; PATRICK J. WITHERS; BRAD R. WEIDEL; PETER F. BROWER and THOMAS COKELEY'S violations caused her to incur significant legal costs, emotional distress, damage to her personal and professional reputation and loss of employment benefits.

**COUNT IV
GENDER DISCRIMINATION
IN VIOLATION OF
NEW YORK STATE EXECUTIVE LAW § 296**

80.  Plaintiff re-alleges Paragraphs 1 through 79 and incorporates them by reference as Paragraphs 1 through 79 of Count IV of this Amended Complaint.

81.  Plaintiff alleges that New York State Executive Law § 296, makes it unlawful to discriminate against any individual in the terms, conditions, or privileges of employment because of their gender.

82.  Plaintiff alleges that defendants' THE TOWN OF RAMAPO; CHRISTOPHER P. ST. LAWRENCE; YITZCHOK ULLMAN; SAMUEL TRESS; BRENDEL CHARLES aka BRENDEL LOGAN; PATRICK J. WITHERS; BRAD R. WEIDEL; PETER F. BROWER and THOMAS COKELEY discriminated against her because of her gender.

83.  Plaintiff alleges that defendants' THE TOWN OF RAMAPO; CHRISTOPHER P. ST. LAWRENCE; YITZCHOK ULLMAN; SAMUEL TRESS; BRENDEL CHARLES aka BRENDEL LOGAN; PATRICK J. WITHERS; BRAD R. WEIDEL; PETER F. BROWER and THOMAS COKELEY'S violations caused her to incur significant legal costs, emotional distress, damage to her personal and professional reputation and loss of employment benefits.

### JURY TRIAL

84.  Plaintiff demands a trial by jury of all issues in this action that are so triable.

### PRAYER FOR RELIEF

Wherefore, plaintiff demands compensatory and punitive damages from defendant THE TOWN OF RAMAPO; CHRISTOPHER P. ST. LAWRENCE; YITZCHOK ULLMAN; SAMUEL TRESS; BRENDEL CHARLES aka BRENDEL LOGAN; PATRICK J. WITHERS; BRAD R. WEIDEL; PETER F. BROWER and THOMAS COKELEY plus available statutory remedies, both legal and equitable, interests and costs.

Dated: January 5, 2018
New York, N.Y.

Respectfully submitted,

By: _____
Eric Sanders (ES0224)

**THE SANDERS FIRM, P.C.**
30 Wall Street, 8th Floor
New York, NY 100005
(212) 652-2782 (Business Telephone)
(212) 652-2783 (Facsimile)

Website: http://www.thesandersfirmpc.com